OPINION OF THE COURT
VAN ANTWERPEN, Circuit Judge.
Appellant Kemyah R. Washington’s counsel has filed a motion to withdraw as counsel pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396,18 L.Ed.2d 493 (1967). Washington has filed informal and supplemental pro se briefs in opposition to his counsel’s motion, and the United States has filed a brief in support of counsel’s motion. Because Washington’s counsel has complied with his duties under Anders and because this Court is satisfied there are no non-frivolous issues for direct appeal, we will grant counsel’s motion to withdraw and dismiss the appeal.
I.
Because we write solely for the parties, we will address only those facts necessary to our opinion.
On April 7, 2008, Washington was charged in a one-count information with violating 21 U.S.C. § 841(a) for the intentional and knowing possession of, with intent to distribute, cocaine base. On the same date, Washington entered into a plea agreement with the United States under which he waived his right to a grand jury indictment and agreed to plead guilty to the information. The plea agreement advised Washington that the maximum imprisonment for violating § 841(a) is twenty years.
On April 24, 2008, Washington appeared before the District Court to change his plea to guilty. At this hearing, Judge Rambo conducted a thorough colloquy, explaining to Washington his trial rights and that he would be waiving those rights. After Washington admitted to committing the acts as the government charged, Judge Rambo concluded that Washington’s plea was voluntary and had a basis in fact for all elements of the charge. Consequently, *312 the District Court accepted Washington’s guilty plea.
On August 6, 2008, Washington appeared before the District Court for sentencing. After addressing Washington’s objections to the Presentence Investigation Report, the District Court heard argument from the parties and testimony from Washington’s character witnesses. The court imposed a sentence of 175-months’ imprisonment, three years of supervised release, a $500 fíne, a $500 order of community restitution, and a $100 special assessment. Judge Rambo declined the parties’ request for a downward departure for Washington’s cooperation and declined Washington’s request for a downward variance based on his “character as of th[e sentencing] date.”
II.
The District Court had subject matter jurisdiction under 18 U.S.C. § 8281. This Court has appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We exercise plenary review over an Anders motion. See Penson v. Ohio, 488 U.S. 75, 82-83 & n. 6, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).
Under Anders, our inquiry is two-fold: (1) whether counsel adequately fulfilled the requirements of Third Circuit Local Appellate Rule 109.2(a),[1] and (2) whether an independent review of the record presents any non-frivolous issues. United States v. Coleman, 575 F.3d 316, 319 (3d Cir.2009). Thus, Washington’s counsel must satisfy us that he has thoroughly scoured the record in search of appealable issues and then must explain why those issues are frivolous. Id. Where the Anders brief initially appears adequate on its face, the proper course is for the appellate court to be guided in reviewing the record by the Anders brief itself. See United States v. Youla, 241 F.3d 296, 301 (3d Cir.2001) (dicta). If it is adequate, we confine our review to those portions of the record identified in the Anders brief, as well as issues raised in a defendant’s pro se brief. Id.
III.
Following an unconditional guilty plea, a defendant is limited to only three appeal-able issues: (1) the district court’s jurisdiction, (2) the validity of his or her plea, and (3) the reasonableness and legality of his or her sentence. See Menna v. New York, 423 U.S. 61, 62 n. 2, 63, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975) (per curiam) (concluding that valid guilty plea waives preceding constitutional errors, unless related to court’s power to “hal[e] a defendant into court on a charge”); 18 U.S.C. § 3742(a) (granting appellate court’s authority to review sentences); see also United States v. Broce, 488 U.S. 563, 569, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989) (holding that following unconditional guilty plea, defendant may only collaterally attack validity of plea and *313 court’s power to enter conviction or impose sentence).
Washington’s counsel correctly identified these three issues in his Anders brief. In concluding that Washington had no non-frivolous arguments for these issues, counsel recognized applicable precedent, made arguments, and cited to the record to support the arguments that these issues were not meritorious. Accordingly, this Court is satisfied that counsel’s Anders brief is adequate on its face and, therefore, we constrain our review of the record to those portions identified in the Anders brief and Washington’s fro se briefs.
We agree that none of these three issues raises a non-frivolous argument. Both counsel and the United States argue that the District Court had jurisdiction under 18 U.S.C. § 3281. We agree.
Counsel and the United States also argue that Washington’s plea was valid. After a review of the District’s Court’s thorough colloquy with Washington at the change of plea hearing, we concur.
Furthermore, we find that the sentence imposed by the District Court was legal and reasonable and, therefore, this issue presents no meritorious argument. This Court engages in a procedural and substantive review of sentences. See United States v. Lessner, 498 F.3d 185, 203 (3d Cir.2007). Procedurally, the District Court must (1) correctly calculate the applicable Sentencing Guidelines range; (2) formally rule on the motions of both parties and state on the record whether the court is granting a departure and how that departure effects the guidelines range; and (3) consider all of the factors under 18 U.S.C. § 3553(a)[2] and adequately explain the chosen sentence in a manner that allows for meaningful appellate court review of the reasonableness of the sentence. See Gall v. United States, 552 U.S. 38, 49-50, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); United States v. Gunter, 462 F.3d 237, 247 (3d Cir.2006).
Substantively, we must be satisfied that the District Court exercised its discretion by considering the relevant § 3553(a) factors and we must also ascertain whether those factors were reasonably applied to the circumstances of the case.[3] See United States v. Cooper, 437 F.3d 324, 329-30 (3d Cir.2006). It is clear to us from the record that the District Court followed the procedural guidelines and gave more than meaningful consideration to the relevant § 3553(a) factors. Moreover, the court did not abuse its discretion by imposing a sentence of 175-months’ imprisonment, which is within the applicable range. Thus, we conclude that the sentence was legal and reasonable.
Having concluded that the three issues correctly raised in counsel’s adequate Anders brief are frivolous, we turn to those Washington raises in his pro se briefs. *314 See Youla, 241 F.3d at 301. Washington argues error because (1) of the ineffective assistance of his trial counsel for failure to file a motion to suppress; (2) he was not advised he could be considered a “career offender” for sentencing purposes until after he entered his plea; (3) he is “not guilty”; and (4) the district court lacked jurisdiction to impose a sentence in light of the government’s failure to file a notice pursuant to 21 U.S.C. § 851. None of these claims has arguable merit.
“It has long been the practice of this [Cjourt to defer the issue of ineffectiveness of trial counsel to a collateral attack.” United States v. Thornton, 327 F.3d 268, 271 (3d Cir.2003). This principle applies unless the record is sufficient to allow for determination of the issue. Id. The record in this case is clearly not sufficient to determine whether Washington’s counsel was ineffective for failure to file a motion to suppress. Therefore, this claim is frivolous.
Washington’s claim that he was not advised of his status as a career offender does not raise a non-frivolous issue for appeal. Washington was advised in the plea agreement and at the change of plea hearing that his offense carried a twenty-year maximum sentence. Moreover, his sentence was legal and reasonable. And regardless of Washington’s understanding prior to sentencing, the District Court advised Washington, and he acknowledged his understanding, that the court was not bound by any guideline estimates. Further, to the extent this issue states a claim for ineffectiveness, it is frivolous on direct appeal. See Thornton, 327 F.3d at 271.
Washington’s claim that he is “not guilty” because he was not in possession of drugs and was not a resident of the house where the drugs were located is belied by his sworn testimony at the change of plea hearing. He acknowledged ownership of the drugs, that he intended to sell them, and that he did sell them to an undercover agent and a confidential informant. Moreover, Washington offered no additional evidence to indicate he is not guilty. Therefore, this claim has no merit.
Finally, Washington’s claim that his sentence is illegal because of the government’s failure to file a § 851 notice is frivolous. The notice is required only if the government seeks a sentence beyond the statutory maximum, and is not required if the government requests the court to sentence the defendant as a career offender under U.S. Sentencing Guidelines Manual § 4B1.1. United States v. Day, 969 F.2d 39, 48 (3d Cir.1992). Because Washington was sentenced within the statutory maximum of twenty years and the government sought enhancement only because of Washington’s career offender status, the § 851 notice was not required and this ai'gument is frivolous.
IV.
We conclude that Washington’s counsel has satisfied his obligations under Anders and we grant his motion to withdraw. Because Washington’s appeal presents no meritorious arguments, we dismiss his appeal.

. Third Circuit Local Appellate Rule 109.2(a) provides, in relevant part:
“Where, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).... If the panel agrees that the appeal is without merit, it will grant counsel's Anders motion, and dispose of the appeal without appointing new counsel. If the panel finds arguable merit to the appeal, or that the Anders brief is inadequate to assist the court in its review, it will appoint substitute counsel, order supplemental briefing and restore the case to the calendar. The panel will also determine whether to continue the appointment of current counsel or to direct the clerk to discharge current counsel and appoint new counsel.’’
3d Cir. L.A.R. 109.2(a) (2008).

. These factors include: (1) the nature and circumstances of the offense and the defendant's history; (2) the need to reflect the seriousness of the crime and to adequately deter criminal conduct; (3) the available sentences; (4) the established sentencing range; (5) any pertinent sentencing policies; (6) the need to avoid sentencing disparities; and (7) the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1)—(7).

. Washington bears the burden of demonstrating unreasonableness. United States v. Cooper, 437 F.3d 324, 332 (3d Cir.2006). We review the District Court's sentence for an abuse of discretion. See Gall v. United States, 552 U.S. 38, 41, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). This Court asks whether the final sentence was premised on appropriate judicious consideration of the relevant factors. United States v. Schweitzer, 454 F.3d 197, 204 (3d Cir.2006). There is no presumption of reasonableness even if the sentence is within the Guidelines range. Cooper, 437 F.3d at 329-30, 331-32.